IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TERRENCE LAMAR WHITESIDE,

    Petitioner,

v.                                                                                      No. 1:20-cv-01127-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

    Petitioner, Terrence Lamar Whiteside, has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)[1] The Petition is before the Court for preliminary review. *See Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 4(b). For the following reasons, the Petition is DISMISSED.

BACKGROUND

    In 2016, Whiteside was indicted on three counts of knowingly and intentionally distributing, attempting to distribute, possessing with intent to distribute, and attempting to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). (*United States v. Whiteside*, No. 1:16-cr-10075-JDB-1 (W.D. Tenn.) ("No. 1:16-cr-10075-JDB-1"), D.E. 2.) He subsequently pleaded guilty to Count 3 of the indictment. (*Id.*, D.E. 34.) On September

---

[1] Record citations are to documents filed in the present case, unless otherwise noted.

27, 2017, the Court sentenced him to 151 months' imprisonment to be followed by three years of supervised release. (*Id.*, D.E. 47.) Judgment was entered the same day. (*Id.*, D.E. 49.) No direct appeal was taken.

## DISCUSSION

Whiteside signed and placed the Petition in the prison mail system on June 9, 2020. (*See* D.E. 1 at PageID 12.) The Petition's sole claim is that counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to file a notice of appeal after Petitioner directed him to do so. (*Id.*, PageID 4.) The Court determines that the Petition is time-barred.[2]

A prisoner requesting relief pursuant to § 2255 must be "in custody under sentence of a court established by Act of Congress[.]" 28 U.S.C. § 2255(a). He also "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted). A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel alleges an error of constitutional magnitude. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

---

[2] As a general matter, if a court raises a statute of limitations problem *sua sponte* on preliminary review, it must afford the petitioner an opportunity to argue against dismissal. *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). In the present matter, Petitioner addressed the limitations issue in the "TIMELINESS OF MOTION" section of the Petition, providing reasons why he believes the pleading should not be dismissed as time-barred. (*See* D.E. 1 at PageID 11.) The Court may therefore assess the merits of his arguments and, if warranted, dismiss the Petition as untimely. *See Stewart v. Harry*, No. 17-1494, 2017 WL 9249946, at *1 (6th Cir. Nov. 21, 2017) ("Because Stewart presented his position on timeliness in his habeas corpus petition, and the district court considered his position, the district court's *sua sponte* dismissal was not improper.")

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction became final. *See* 28 U.S.C. § 2244 *et seq*. Paragraph (f) of § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). For a defendant who does not take a direct appeal, the judgment of conviction becomes final upon the expiration of the time for him to seek direct review. *Sanchez-Castellano v. United States,* 358 F.3d 424, 426–27 (6th Cir. 2004). Under the Federal Rules of Appellate Procedure, a defendant in a criminal case normally has fourteen days from entry of judgment in which to appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i).

The one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances. *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012). To be entitled to equitable tolling, a petitioner must show that (1) "he has been pursuing

his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[3] *Id.*

As indicated above, Whiteside did not take a direct appeal. His conviction therefore became final on October 11, 2017, which was fourteen days after entry of the judgment of conviction on September 27, 2017. The § 2255 limitations period began to run at that time and expired one year later, on October 11, 2018. The Petition was filed on June 9, 2020, the day Petitioner placed the document into the prison mail system. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). The pleading is therefore untimely by over one year and seven months.

Petitioner contends that he should be allowed to proceed in this case because he did not begin serving his federal sentence until April 23, 2019, which is the day he completed his state sentence. (D.E. 1 at PageID 11.) He also asserts that he did not discover that counsel did not file a direct appeal until he received a copy of the docket report in his criminal case, presumably around the end of May 2019, when he requested one.[4] (*Id.*) The Court construes the latter argument as asserting equitable tolling. Petitioner's arguments are unavailing for several reasons.

First, the date Petitioner began serving his federal sentence is irrelevant to the limitations calculation. In *Ospina v. United States*, 386 F.3d 750 (6th Cir. 2004), the Sixth Circuit rejected the petitioner's argument that the statute of limitations began to run only after he completed his state sentence and was taken into the physical custody of the Federal Bureau of Prisons. *Ospina*, 386 F.3d at 752-53. The court explained that "[a] prisoner is in custody for the purposes of §

---

[3] A petitioner may also overcome the statute of limitations by making a credible showing of actual innocence. *Yousafzai v. United States*, No. 17-1071, 2017 WL 3185189, at *2 (6th Cir. June 7, 2017) (citing *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)). Whiteside has not alleged his actual innocence.

[4] *See* No. 1:16-cr-10075-JDB-1, D.E. 50.

4

2255 when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him." *Id.* at 752.  An inmate must therefore "use § 2255 while he is in state prison . . . to prevent the statute of limitations from barring his action."  *Id.*

Second, even if the limitations period began running on the day Whiteside started serving his federal sentence, the Petition would still be untimely.  As noted above, the pleading was not placed into the prison mail system until June 9, 2020.  That day was one year, one month, and seventeen days after Petitioner was taken into the physical custody of the Federal Bureau of Prisons.

Third, equitable tolling on the ground asserted is not warranted.  Whiteside received a copy of the docket report in his criminal case around May or June 2019, which was nearly two years after entry of the judgment of conviction.  He alleges that he did not know prior to that time that counsel had not filed a notice of appeal.  The allegation is incredible given the length of time that passed between his conviction and the time he received the docket report.  But even if the allegation of delayed discovery were true, Petitioner still would not be entitled to equitable tolling because he did not diligently pursue his federal rights.  It took him nearly two years to inquire into the status of his criminal case and he did not file the Petition until more than one year after he received the docket report.

As the Petition was not timely filed and equitable tolling is unavailable to excuse the late filing, the Petition is DISMISSED.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional

5

right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[5]

---

[5] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

IT IS SO ORDERED this 21st day of September 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
